UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LANCE ROUGEAU,

Plaintiff,

v.

DEPARTMENT OF CORRECTIONS, *et al.*,

Defendants.

CASE NO. 3:26-cv-05301-DGE-GJL

REPORT AND RECOMMENDATION

Noting Date: August 14, 2026

The District Court has referred this action to United States Magistrate Judge Grady J. Leupold. On March 23, 2026, Plaintiff Lance Rougeau, proceeding *pro se*, filed this civil rights action under 42 U.S.C. § 1983. *See* Dkt. 1. After being informed of his filing deficiencies related to the filing of a motion to proceed *In Forma Pauperis* ("IFP") or payment of the filing fee, Plaintiff filed an IFP Motion on April 10, 2026. Dkt. 9. The Court granted the IFP Motion on April 28, 2026. Dkt. 10.

On April 28, 2026, the Court screened the Complaint and issued an Order declining to serve the Complaint and granting leave to file an amended pleading within thirty (30) days of the date of the Order, or May 28, 2026. *See* Dkt. 12. The Court warned that failure to file a proposed

amended complaint would result in the Court recommending the dismissal of this matter without prejudice. *Id.* at 4.

Plaintiff did not file a timely response to the Court's Order Declining to Serve. Rather, on May 6, 2026, Plaintiff filed a letter. *See* Dkt. 13. While the letter appeared to set forth a narrative in support of any potential claims, Plaintiff did not file an amended complaint on the form provided by the Court and did not cure the deficiencies identified in the Order Declining to Serve. *See id*. However, because Plaintiff filed a response to the Court's Order Declining to Serve, the Court entered an Order on June 11, 2026, affording Plaintiff one additional opportunity to file an amended complaint that cures the deficiencies of his Complaint. Dkt. 15.

To date, Plaintiff has failed to comply with the Court's June 11, 2026, Order. He has not filed a proposed amended complaint correcting the deficiencies contained within the Complaint or otherwise responded to the Court's Order.[1] As Plaintiff has **FAILED** to respond to the Court's Order and prosecute this case, the Court recommends this case be **DISMISSED without prejudice**.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of

[1] The Court notes that, on June 8, 2026, a "Notice of Appeal" was filed in this case. *See* Dkt. 14. While the "Notice" cites this captioned action, it is signed by a separate individual who appears to be asserting unrelated claims on behalf of himself. *See id*. Further, other than the caption itself, there is no reference to Plaintiff in this "Notice." *See id*. Nevertheless, the Ninth Circuit Court of Appeals assigned a docket number to the Notice of Appeal and issued a Time Schedule Order for briefing. *See* Dkt. 16 (*Rougeau v. Wash. Dep't of Corr.*, No. 26-3779 (9th Cir. June 11, 2026)). The docket in the Ninth Circuit case indicates Plaintiff did not file a brief. *See* No. 26-3779. On July 16, 2026, the Ninth Circuit dismissed the appeal for lack of jurisdiction because it did not challenge a final or immediately appealable order entered by the District Court. *See* Dkt. 17 (No. 26-3779, Order entered July 16, 2026). To date, Plaintiff has not returned to this Court seeking leave to file out of time an amended complaint responsive to this Court's June 11, 2026, Order. *See docket*.

those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **August 14, 2026**, as noted in the caption.

Dated this 31st day of July, 2026.

Grady J. Leupold
United States Magistrate Judge